COOMBS
*vs*
CLASS.

---

## Coombs *vs* Glass.

### ERROR TO THE SPENCER CIRCUIT..

#### *Contracts. Election.*

JUDGE MARSHALL delivered the opinion of the Court.

THE writing sued on in this case, and which was exe-
cuted by both parties, states that Coombs had sold to
Glass a negro woman and child for $800, on trial till the
first of October next. "If said Glass is not satisfied by
that time, said Coombs is to return the money that is
paid and take back the negro." The declaration alledges
that on the first of October, Glass was satisfied and kept
the negroes, and has ever since kept and claimed them,
but has paid only part of the $800.

Waiving the question whether this instrument should
be understood as containing a covenant to pay the sum
of $800, we think it entirely clear that it gives to Glass
the absolute option and election to annul the recited sale,
if not satisfied with it by the time specified; and that
Coombs had no right to question the ground of dissatis-
faction, but on being notified in proper time, of the elec-
tion of Glass to return the negroes, was bound to pay

COVENANT.

*Case* 5.

*Sept.* 6.

The case stated.

C. sold to G. by
writing, a negro
woman, &c. for
$800, to be paid
for by a given
day, if G. was,
by that time,
satisfied with
them, if not, to
return the ne-
groes and re-
ceive what was
paid. C. sues G.

for the $800. G. pleaded that he, not being pleased with the negroes, offered to return them, and that C. thereupon agreed to take a less sum than the $800, which had been paid, C. replies that he was satisfied with the slaves at the price of $800, but fraudulently pretended that he was not, and induced the acceptance of a less sum. Held on demurrer, that the replication was bad, defendant had the right of election, and having exercised it, no recovery could be had on the first contract.

back such sum as had been received on the sale, and to take the negroes, while Glass was only bound to restore the negroes on being re-paid his advances. It was of course in the power of the parties, at any time, after proper notification of the election of Glass to rescind the first sale, to make new terms, by which he should retain the negroes at a smaller price than that which had been at first agreed on, or it was perfectly within the power of Coombs to re-take the negroes on refunding the money which he had received.

The third plea of Glass states that before the first of October, he elected to return the negroes, and notified Coombs of that fact, and of his dissatisfaction, &c., and that it was agreed that he should pay a further sum of $451 37½, and that Coombs should take it in full satisfaction of the price of the negroes; and that on the third of October he paid said sum in full satisfaction.

Upon these facts, according to the view already taken, the original contract was at an end, and Glass was entitled to keep the negroes upon the terms of the new agreement, and did not thereby become liable to pay the original price. The replication does not deny notice of the defendant's election and dissatisfaction as alledged, but avers that they were pretended and fraudulent, that he was satisfied and intended to keep the negroes, and falsely and fraudulently represented to the plaintiff and others, that the negro woman was unhealthy, whereby others were prevented from buying her, and the plaintiff was induced to take the sum mentioned, when the negro woman was in fact, sound, &c., and the said sum was less than was due by the contract, and less than the damages, &c. Whatever effect these facts might have upon the new contract, or upon the title to the negroes, or upon the rights or remedies of the parties in other respects, we are satisfied that they do not affect the rescission of the first contract, to which the consent of Coombs was not requisite, and which was matter of mere volition with Glass, and therefore they do not show a right to sustain the action upon the original contract, and for the original price.

'There was no error, therefore, in sustaining the demurrer to this replication, and without examining the other pleadings, the judgment is affirmed.

· *McHenry* for plaintiff: *Harlan & Craddock* for defendant.